**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PHILLIP TORETTO, DANIEL C. KING, and
SHERI BRAUN, individually and on behalf of all
others similarly situated,

               Plaintiffs,

   v.

DONNELLY FINANCIAL SOLUTIONS, INC. and
MEDIANT COMMUNICATIONS, INC.,

               Defendants.

Case No. 1:20-cv-02667-GHW

**DEFENDANT MEDIANT
COMMUNICATIONS INC.'S
MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS
PURSUANT TO 12(b)(1)**

BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: 303-861-0600
Facsimile: 303-861-7805

*Attorneys for Mediant Communications Inc.*

## <u>Table of Contents</u>

I. Introduction. ..........................................................................................................................1

II. Statement of Facts...............................................................................................................2

III. Choice-of-Law Analysis. ....................................................................................................3

IV. Legal Standard. ....................................................................................................................3

V. Plaintiffs Lack Standing to Pursue Their Third Party Beneficiary Claim.......................4

  A. Plaintiffs Fail to Allege that Donnelley and Mediant are in a Legal Partnership......................................................................................................5

  B. Even if Plaintiffs Have Sufficiently Alleged a Partnership, their Complaint Still Fails to Adequately Allege a Third Party Beneficiary Claim Sufficient to Confer Standing...................................................................................................6

VI. Conclusion............................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.,*
   651 F. Supp. 2d 155 (S.D.N.Y. 2009)...................................................................................7

*Ancile Inv. Co. v. Archer Daniels Midland Co.,*
   784 F. Supp. 2d 296 (S.D.N.Y. 2011)..............................................................................7, 8

*Baskerville-Donovan Engineers, Inc. v. Pensacola Exec. House Condo. Ass'n, Inc.,*
   581 So. 2d 1301 (Fla. 1991) ...............................................................................................4

*Brodsky v. Stadlen,*
   138 A.D.2d 662 (N.Y. App. 1988)...................................................................................5, 6

*Burns Jackson Miller Summit & Spitzer v. Lindner,*
   451 N.E.2d 459 (NY 1983)..............................................................................................5, 6

*Clapper v. Amnesty Intern. USA,*
   133 S.Ct. 1138 (2013)........................................................................................................3

*In re Corp. Res. Servs., Inc.,*
   No. 15-12329 (MG), 2019 WL 5095709 (Bankr. S.D.N.Y. Oct. 10, 2019) .........................8

*Ctr. for Discovery, Inc. v. D.P.,*
   No. 16CV3936MKBRER, 2018 WL 1583971 (E.D.N.Y. Mar. 31, 2018)..............................7

*Curley v. AMR Corp.,*
   153 F.3d 5 (2d Cir. 1998) ...................................................................................................3

*CVS Pharmacy, Inc. v. Press Am., Inc.,*
   No. 1:17-CV-190-GHW, 2018 WL 318479 (S.D.N.Y. Jan. 3, 2018) ...................................4

*Everlast World's Boxing Headquarters Corp. v. Trident Brands Inc.,*
   No. 19-CV-503 (JMF), 2020 WL 917058 (S.D.N.Y. Feb. 26, 2020) ...................................6

*Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.,*
   485 N.E.2d 208 (N.Y. 1985)...............................................................................................8

*Greenwood Motor Lines, Inc. v. Godfather Trucking LLC,*
   No. EDCV1301640JGBSPX, 2014 WL 12689216 (C.D. Cal. July 18, 2014)......................7

*Lujan v. Defenders of Wildlife,*
   112 S.Ct. 2130 (1992)........................................................................................................3

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ....................................................................................................3

*May v. U.S. HIFU, LLC*,
    98 A.D.3d 1004, 951 N.Y.S.2d 163 (2012) .............................................................................4

*In re Motors Liquidation Co.*,
    580 B.R. 319 (Bankr. S.D.N.Y. 2018) ...............................................................................7, 8

*Natkin v. Am. Osteopathic Ass'n*,
    No. 3:16-CV-01494-SB, 2018 WL 452165 (D. Or. Jan. 17, 2018) ........................................7

*Oursler v. Women's Interart Ctr., Inc.*,
    170 A.D.2d 407 (N.Y. App. 1991) ..........................................................................................7

*Raines v. Byrd*,
    117 S.Ct. 2312 (1997) ...............................................................................................................3

*Scanz v. New York Times*,
    No. 97 CIV. 1042 (PKL), 1997 WL 250447 (S.D.N.Y. May 12, 1997) ...................................5

*Spokeo, Inc. v. Robins*,
    136 S.Ct. 1547 (2016) ...............................................................................................................3

*Tamir v. Bank of New York Mellon*,
    No. 12-CV-4780 DLI JO, 2013 WL 4522926 (E.D.N.Y. Aug. 27, 2013) ...............................4

*Toretto v. Mediant Commc'ns, Inc.*,
    No. 19-CV-05208-EMC, 2020 WL 1288478 (N.D. Cal. Mar. 18, 2020) ............................4, 5

*Warth v. Seldin*,
    95 S.Ct. 2197 (1975) .................................................................................................................3

*Windham at Carmel Mountain Ranch Assn. v. Superior Court*,
    109 Cal. App. 4th 1162, 135 Cal. Rptr. 2d 834 (2003) ...........................................................4

**Rules**

Fed. R. Civ. P. § 12(b)(1) .................................................................................................................1, 3

Fed. R. Civ. P. § 12(b)(6) .....................................................................................................................2

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant Mediant Communications Inc. ("Mediant"), through counsel, moves this Court to dismiss Count III of the second amended complaint ("Complaint") filed by plaintiffs Phillip Toretto, Daniel C. King, and Sheri Braun ("Plaintiffs") for lack of standing. In support, Mediant states as follows:

## I.   **Introduction.**

After suing Mediant in Florida (only to see their complaint dismissed), California (same result), Plaintiffs now embark on their fifth collective attempt with the filing of their second amended complaint. The Complaint rightly abandons every claim for which Mediant previously sought dismissal save one: Plaintiffs' third party beneficiary claim. Plaintiffs allege that Mediant and its co-defendant Donnelley Financial Solutions, Inc. ("Donnelley") are in a "partnership," and on that bare allegation alone claim that their third party beneficiary claim should survive.

As relevant to Plaintiffs' Complaint, Mediant performs proxy and mailing services for clients (such as Donnelley), who in turn perform certain services for their clients, who in turn are public companies and mutual funds in which individual consumers invest. In order to provide its services, Mediant requires certain information regarding individual consumers, including but not limited to their mailing addresses. Here, it is undisputed that Mediant obtained certain information regarding Plaintiffs from various third parties in order to perform these services. Though their allegations do not reveal the answer, only Plaintiffs know with certainty where, when, and under what terms they provided these entities their information. In any event, Plaintiffs never provided any information directly to Mediant. Indeed, none of the Plaintiffs can even allege they had ever heard of Mediant before they made the decision to provide their information to third parties.

Unable to allege even a colorable argument that a contract exists between Mediant and Plaintiffs, the Complaint resorts to an entirely unsupported theory that Plaintiffs are intended beneficiaries of a contract that exists only on "information and belief," and only between *Donnelley* and

*unnamed* third parties. Mediant urges dismissal of this new yet equally deficient effort for failure to allege standing. Mediant intends to move to dismiss the remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6) at the appropriate time.

## II.   Statement of Facts.

Plaintiffs have abandoned their theory that they have either a direct or implied contract claim against Mediant based on Mediant's privacy policy, or any other feature of Mediant's business. (*Cf.* Dkt. 23, ¶ 144-164 with Dkt. 57.) Plaintiffs' only remaining contract claim is a third party beneficiary claim. (*See* Dkt. 57, ¶¶ 144-149.)

Plaintiffs allege they provided their information to public companies/funds in which they invested; these funds/companies provided Plaintiffs' information to unidentified third parties, who in turn provided Plaintiffs' information to Mediant. (*Id.*, ¶¶ 1, 20, 22, 30, 37, 43.) Plaintiffs allege that "Donnelley had [a] direct contractual relationship" with *either* the public companies/funds in which Plaintiffs invested *or* their agents. (*Id.*, ¶¶ 30, 37, 43.) According to Plaintiffs, Donnelley made contractual commitments to these unidentified third party entities, and, "on information and belief," such commitments included an agreement to "protect the investor information that Donnelley and/or Mediant received." (*Id.*, ¶¶ 145-46.)

Plaintiffs allege that Mediant in effect made the same commitments to protect investor information because Mediant and Donnelley were in a legal partnership. (*Id.*, ¶ 1, 145-148.) Apart from simply asserting Mediant and Donnelley are in a legal partnership throughout their Complaint, Plaintiffs' only factual allegations appear to revolve around a single marketing document entitled "The Perfect Partnership to Power Your Fund Proxies," as well as a declaration submitted by Donnelley in support of its original motion to dismiss. (*Id.*, ¶ 1, n. 2, ¶ 15, n. 8.) Other than the fact that these two documents use the word "partnership," Plaintiffs do not explain or allege why either supports the existence of a legal partnership between the entities.

2

### III.   <u>Choice-of-Law Analysis.</u>

The Court is not required to conduct a choice-of-law analysis where there is no conflict of laws. *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998) Instead, the Court is free to apply New York law where, as relevant here, a conflict is absent. *Id.* As reflected below, there are no substantive differences between the jurisdictions.

### IV.   <u>Legal Standard.</u>

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Intern. USA*, 133 S.Ct. 1138, 1146 (2013). "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish standing to sue.'" *Id.* (quoting *Raines v. Byrd*, 117 S.Ct. 2312, 2317 (1997)). "The doctrine [of standing] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal the plaintiff must have "suffered an injury in fact," which is "fairly traceable" to the defendant's challenged misconduct, and "likely to be redressed by a favorable decision." *Id.* "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2136 (1992). To meet this burden at the pleading stage, "the plaintiff must clearly allege facts demonstrating each element." *Spokeo*, 136 S.Ct. at 1547 (internal citations and quotations omitted). In the class action context, the representative plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 95 S.Ct. 2197, 2207 (1975) (emphasis added).

**V.    Plaintiffs Lack Standing to Pursue Their Third Party Beneficiary Claim.**

"A non-party to a contract lacks standing to challenge an agreement in the absence of terms demonstrating that it is a third-party beneficiary." *Tamir v. Bank of New York Mellon*, No. 12-CV-4780 DLI JO, 2013 WL 4522926, at *3 (E.D.N.Y. Aug. 27, 2013); *CVS Pharmacy, Inc. v. Press Am., Inc.*, No. 1:17-CV-190-GHW, 2018 WL 318479, at *5 (S.D.N.Y. Jan. 3, 2018) (same); *May v. U.S. HIFU, LLC*, 98 A.D.3d 1004, 1006, 951 N.Y.S.2d 163, 166 (2012); *Baskerville-Donovan Engineers, Inc. v. Pensacola Exec. House Condo. Ass'n, Inc.*, 581 So. 2d 1301, 1303 (Fla. 1991) (same); *Windham at Carmel Mountain Ranch Assn. v. Superior Court*, 109 Cal. App. 4th 1162, 1173, 135 Cal. Rptr. 2d 834, 841 (2003) (same). Here, the Court should find that Plaintiffs have no standing to bring their third party beneficiary claim against Mediant.

To begin with, Plaintiffs rightly concede they have no direct contractual relationship with either Mediant or Donnelley. Indeed, a federal district court in California, after reviewing the parties' jurisdictional discovery, unequivocally held that "there is no contract between the parties, and Plaintiffs are not one of the Defendant's clients." *Toretto v. Mediant Commc'ns, Inc.*, No. 19-CV-05208-EMC, 2020 WL 1288478, at *3 (N.D. Cal. Mar. 18, 2020); (*see also* Exhibit A, p. 3:2-7 ("this is not a contractual cause of action with the people . . . who had a direct relationship with Mediant . . . these are the bystanders whose records were uploaded".) Even in its initial review of the facts of this case in preparation for the parties' pre-motion conference, this Court forcefully stated: "[h]ow is [Plaintiffs' claim] a description of any kind of contract law? [I]f somebody reasonably believes that someone three tiers down the road is going to act in a certain way, then that person has a contract with that person?" (Exhibit B, Pre-Motion Conference Transcript, p. 22:13-22.) In fact, during a public hearing in the California matter, Plaintiffs freely admitted they do not provide any information directly to Mediant, and that Plaintiffs had not heard of Mediant prior to providing their information to third parties. (Exhibit A, p. 21:19-22:7.)

4

Plaintiffs understand their predicament. They have amended their complaint – again – to drop all direct contract claims, and attempt to salvage their contract theory with a third party beneficiary claim. To have standing to sue under this theory, Plaintiffs must allege the existence of a contract, an intent by the contracting parties that the contract benefit Plaintiffs, and that the benefit be immediate rather than incidental. *Burns Jackson Miller Summit & Spitzer v. Lindner*, 451 N.E.2d 459, 469 (NY 1983). The "intent to benefit a third party must be shown on the face of the agreement." *Scanz v. New York Times*, No. 97 CIV. 1042 (PKL), 1997 WL 250447, at *5 (S.D.N.Y. May 12, 1997). Plaintiffs' efforts fail.

### A. Plaintiffs Fail to Allege that Donnelley and Mediant are in a Legal Partnership.

Plaintiffs recognize that in order to have standing to sue Mediant, they must allege that *Mediant* made a contractual commitment, and that this commitment was intended to benefit Plaintiffs. Plaintiffs get hung up on the first step.

Plaintiffs freely concede that Mediant did not enter into a contract with the public companies/funds in which Plaintiffs invested or their agents. (Compl., Dkt. 57, ¶ 30 (Toretto alleging that only Donnelley had the relevant contractual relationship), ¶ 37 (same as to King), ¶ 43 (same as to Braun).) But Plaintiffs understand that a baseline requirement for their third party beneficiary claim is the *existence* of a contract between Mediant and some other entity that intended to benefit them. *Lindner*, 451 N.E.2d at 469; *Scanz*, 1997 WL 250447, at *5. Plaintiffs attempt to solve this problem by alleging that Donnelley entered into the contracts, and the commitments made therein may be imputed to Mediant on the basis that Donnelley and Mediant are in a legal partnership.

Where, as here, there is no written partnership agreement, courts look to the "conduct, intention, and relationship between the parties." *Brodsky v. Stadlen*, 138 A.D.2d 662, 663 (N.Y. App. 1988). To do so, courts consider the following factors: "(1) sharing of profits, (2) sharing of losses, (3) ownership of partnership assets, (4) joint management and control, (5) joint liability to creditors, (6)

intention of the parties, (7) compensation, (8) contribution of capital, and (9) loans to the organization." *Id.* (affirming dismissal where these factors were not present).

Plaintiffs do not allege any facts that would even arguably support any of the above-described factors. Instead, Plaintiffs merely reference a marketing document and a declaration which indicate that Donnelley and Mediant each provide services that, together, provide businesses with a valuable service. (Compl., Dkt. 57, ¶ 1, n. 2.) These documents do not indicate Defendants share profits/losses, share ownership or management, share liability, nor do they provide any insight into compensation, capital contributions, and/or organizational loans. Accordingly, Plaintiffs have not alleged a single factor that would support the existence of a legal partnership, and therefore this Court may dismiss as a matter of law.

Without their partnership theory, Plaintiffs have failed to allege the existence of a contract between Mediant and any other entity. As it is legally impossible to be a third party beneficiary to a non-existent contract, Plaintiffs' Count III must be dismissed. *See, e.g.*, *Lindner*, 451 N.E.2d at 469 ("[e]xistence of a valid and binding contract is . . . a *sine qua non*" of a viable third party beneficiary claim").

### B. Even if Plaintiffs Have Sufficiently Alleged a Partnership, their Complaint Still Fails to Adequately Allege a Third Party Beneficiary Claim Sufficient to Confer Standing.

Even if the Court accepts Plaintiffs' partnership theory, Plaintiffs have nevertheless failed to plead a third party beneficiary claim against Mediant for two reasons.

First, Plaintiffs allege that Donnelley committed to protect investor information "on information and belief." (Compl., Dkt. 57, ¶¶ 144-149.) Numerous courts have found "information and belief" allegations insufficient to allege a clear intent to benefit a third party. *See, e.g.*, *Everlast World's Boxing Headquarters Corp. v. Trident Brands Inc.*, No. 19-CV-503 (JMF), 2020 WL 917058, at *4 (S.D.N.Y. Feb. 26, 2020) (finding "information and belief" allegations insufficient here, as here, the complaint

could not allege the terms of the agreement, "let alone allege that its terms manifested an intent" to benefit a third party); *Ctr. for Discovery, Inc. v. D.P.*, No. 16CV3936MKBRER, 2018 WL 1583971, at *8 n. 8 (E.D.N.Y. Mar. 31, 2018) (rejecting information and belief allegations as insufficient to support third party beneficiary claim); *Greenwood Motor Lines, Inc. v. Godfather Trucking LLC*, No. EDCV1301640JGBSPX, 2014 WL 12689216, at *3 (C.D. Cal. July 18, 2014) ("Other than its contention, 'on information and belief,' that a contract . . . exists, Plaintiff provides no specific facts regarding . . . whether the contracting parties manifested an intent to benefit" a third party); *Natkin v. Am. Osteopathic Ass'n*, No. 3:16-CV-01494-SB, 2018 WL 452165, at *15 (D. Or. Jan. 17, 2018) (same). Instead, to survive dismissal, Plaintiffs must plead actual *facts* regarding when contracts were formed, their essential terms, the parties thereto, and language sufficient to evidence Plaintiffs were intended beneficiaries. *See, e.g.*, *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155, 184 (S.D.N.Y. 2009) (dismissing third party beneficiary claim for failure to plead these facts).

Here, Plaintiffs fail to plead any *facts* from which this Court might infer that unidentified contracts with *unidentified parties* necessarily included provisions expressly intended to benefit Plaintiffs. Accordingly, Plaintiffs do not have standing to enforce the alleged commitments contained in these alleged agreements.

Second, third party beneficiary claims are narrow exceptions to the general rule that a non-party has no standing to enforce a contract. *In re Motors Liquidation Co.*, 580 B.R. 319, 340-42 (Bankr. S.D.N.Y. 2018). In order to allege standing to bring the claim, the third party must allege that it is an intended rather than incidental beneficiary. *Ancile Inv. Co. v. Archer Daniels Midland Co.*, 784 F. Supp. 2d 296, 303 (S.D.N.Y. 2011). A plaintiff can establish it is an intended beneficiary if they can credibly allege that the contract contains unambiguous language manifesting an intent to benefit *or* no one but the plaintiff can sue to enforce the contract. *Id. see also Oursler v. Women's Interart Ctr., Inc.*, 170 A.D.2d 407, 407 (N.Y. App. 1991) ("In order for plaintiffs to recover as third-party beneficiaries it must appear

that 'no one other than the third party can recover if the promisor breaches the contract.'") (citing *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 485 N.E.2d 208, 212 (N.Y. 1985)); *In re Motors Liquidation Co.*, 580 B.R. at 340 ("a non-party to a contract that does not contain unambiguous language manifesting an intent to make the non-party a beneficiary of that contract lacks prudential standing to litigate issues related to that contract"); *In re Corp. Res. Servs., Inc.*, No. 15-12329 (MG), 2019 WL 5095709, at *5 (Bankr. S.D.N.Y. Oct. 10, 2019) (same).

Here, Plaintiffs have offered no allegations that they were intended beneficiaries. Plaintiffs' information and belief allegations about unidentified contracts between unnamed parties cannot possibly satisfy the requirement that there must be "unambiguous language manifesting an intent" to create a third party beneficiary. *Ancile Inv. Co.*, 784 F. Supp. 2d at 303; *In re Motors Liquidation Co.*, 580 B.R. at 340.

Moreover, Plaintiffs allegations make clear that the parties to the contract are able to enforce its terms. Plaintiffs allege that Donnelley entered into contracts with unnamed third parties, and that Donnelley promised to provide (or ensure the provision of) adequate data security. (Compl. Dkt. 57, ¶¶ 145-46.) Assuming this is true, Plaintiffs do not allege why the parties with whom Donnelley allegedly contracted cannot sue for any breach of the applicable contracts. *Ancile Inv. Co.*, 784 F. Supp. 2d at 303; *In re Motors Liquidation Co.*, 580 B.R. at 340.

Plaintiffs only suppose that Mediant entered into undisclosed contracts with unnamed and undisclosed parties and that those contracts contain provisions that evince an intent to benefit Plaintiffs. Plaintiffs do not allege the terms of these contracts, nor do they allege any intent to benefit them, nor do they allege any facts that would make impossible enforcement of the contract by the contracting parties. Plaintiffs fail to establish standing to sue under a third party beneficiary theory.

**VI.**      <u>**Conclusion.**</u>

Plaintiffs' fifth attempt to allege some form of contract theory against Mediant fares no better than the previous four. Mediant urges dismissal of Plaintiffs' third party beneficiary claim for lack of standing.

Dated:  August 26, 2020                    Respectfully submitted,


                                                  <u>*/s/ Casie D. Collignon*</u>
                                                  Casie D. Collignon, Esq.
                                                  Baker & Hostetler LLP
                                                  1801 California Street, Suite 4400
                                                  Denver, CO 80202-2662
                                                  Telephone: 303-861-0600
                                                  Facsimile: 303-861-7805
                                                  ccollignon@bakerlaw.com

                                                  *Attorneys for Defendant*