# BakerHostetler

Baker&Hostetler LLP

1801 California Street
Suite 4400
Denver, Colorado 80202-2662

T 303.861.0600
F 303.861.7805
www.bakerlaw.com

Casie D. Collignon
direct dial: 303.764.4037
ccollignon@bakerlaw.com

March 22, 2021

The Hon. Gregory H. Woods
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Toretto et al v. Donnelley Financial Solutions, Inc.,* Case No. 1:20-cv-02667-GHW

Dear Judge Woods:

We represent Mediant Communications Inc. ("Mediant") in the above-referenced action. Pursuant to the Court's Order dated March 18, 2021 your Honor's Individual Rules of Practice, we write to request a pre-motion conference in connection with Mediant's anticipated motion to dismiss Plaintiffs' Second Amended Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

## Factual Background.

The April 1, 2019 attack impacted just four, random Mediant employees, and Mediant terminated any possible access to these accounts within several hours. Mediant has not uncovered any evidence the attack led to actual exfiltration of any sensitive information and/or any lateral movement within Mediant's information systems. In the nearly two years that have transpired since the attack, Mediant is not aware of a single instance of fraud, theft, or harm that has occurred in connection with this incident, and Plaintiffs have once again failed to allege credible instances of any connected fraud, though they have now collectively attempted to do so five times.

As Donnelley notes, the Court previously found good cause to stay discovery in this matter pending briefing and resolution of Defendants' Rule 12 motions. Plaintiffs' most recent amendment should not impact this ruling. Indeed, Plaintiffs' amendment did not add factual allegations that alter or even impact Mediant's original bases for dismissal pursuant to Rule 12(b)(6).

## Argument.

Mediant remains confident that the Complaint should be dismissed pursuant to Rule 12(b)(6) for several reasons.

### 1. Plaintiffs Did Not Rely on Any Statements or Conduct by Mediant Nor Did They Contract With Mediant.

Plaintiffs' Unfair Competition Law ("UCL") requires reliance, even though Plaintiffs now base the claim primarily on the unlawful prong of the statute. *See, e.g.*, *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010). Plaintiffs cannot establish reliance because: (a) they cannot allege they had ever *heard* of Mediant prior to the incident; (b) they provided their information to third parties <u>before</u> Mediant ever received such information; and (c) they provided their information to third parties for reasons they do not allege or explain.

For the same reasons (and consistent with a decision already rendered in this litigation), Mediant will argue that no contract was formed between the parties. *Toretto v. Mediant Commc'ns, Inc.*, No. 19-CV-05208-EMC, 2020 WL 1288478, at *3 (N.D. Cal. Mar. 18, 2020) ("there is no contract between the parties"). Plaintiffs attempt to avoid the same fate they suffered in California by alleging a third party beneficiary theory. However, this theory requires an explicit intent to benefit the third party and requires that no other party may enforce the obligation owed to the third party. Plaintiffs cannot make either showing.

### 2. Plaintiffs Fail to Allege Damages.

Plaintiffs' claims *each* require pleading damages. Plaintiffs attempt to allege damages, including: (a) time and effort monitoring their accounts; (b) the purchase of identity theft protection service; (c) increased volume of spam-related telephone calls and attendant purchase of spam protection services; (d) risk of future identity theft; (e) lost value of personal information; (f) fraudulent credit card charges; (g) unsuccessful attempts at opening credit cards; and (h) the purchase of a home security system. (Compl., ¶¶ 31-34, 38-40, 45, 53-54.)

Numerous courts have rejected categories (a)-(d), and (e). *See, e.g.*, *Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 609 (S.D.N.Y. 2009) (rejecting future harm and spam damages); *Whalen v. Michael Stores Inc.*, 153 F. Supp. 3d 577, 581-82 (E.D.N.Y. 2015) (rejecting lost time, monitoring damages, and loss of value damages), *aff'd sub nom.* 689 F. App'x 89 (2d Cir. 2017); *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1036 (N.D. Cal. 2019) (rejecting spam damages). These categories have been found to lack specificity, to be unacceptably speculative, to be simply common to modern life (*i.e.*, not connected to the incident) and, for categories (a)-(b) (and likely (h)), impermissibly self-imposed. *Id.* Mediant is unaware of any cases addressing the purchase of a home security system, but this category of "damages" is entirely unconnected to the alleged theft of personal information. With these and many other decisions as persuasive authority, Mediant intends to urge dismissal.

Fraudulent credit card charges-category (f)- can sustain a claim for damages in cases where credit card numbers were stolen in the data incident, but here, no credit card numbers were even potentially impacted, and Plaintiffs do not allege otherwise. Moreover, plaintiff King is the only plaintiff to allege credit card fraud, and even assuming that fraud was somehow connected to this incident that did not involve his credit card, he concedes he was reimbursed for the fraudulent charge, a fact courts have held to be dispositive. *See, e.g.*, *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 613 F. Supp. 2d 108, 133 (D. Me. 2009), *aff'd in part, rev'd on other grounds in part sub nom. Anderson v. Hannaford Bros. Co.*, 659 F.3d 151 (1st Cir. 2011). In addition, his allegation that some unidentified individual told him "it seemed likely" that the credit card fraud was perpetrated without the credit card number is entirely speculative and implausible. And, to the extent Plaintiff Braun alleges there have been fraudulent "attempts" at opening credit accounts, this allegation concedes that those attempts were unsuccessful and therefore not a form of cognizable damage.

### 3. The Complaint Has Numerous Other Pleading Deficiencies that Merit Review.

- The economic loss doctrine prohibits recovery in tort for losses unaccompanied by a bodily harm or a property damage. Here, Plaintiffs' damages allegations are purely economic in nature and are therefore barred from recovery under Plaintiffs' negligence and negligence *per se* claims.

- Plaintiffs have failed to plead that Mediant breached any duty towards them. The Complaint merely assumes that because a security incident occurred, Mediant's security was deficient. Several courts have held in the data privacy context that this form of pleading is insufficient to survive a Rule 12(b)(6) motion. *See, e.g.*, *Razuki v. Caliber Home Loans, Inc.*, No. 17CV1718-LAB (WVG), 2018 WL 6018361, at *1 (S.D. Cal. Nov. 15, 2018) (dismissing claim where the plaintiff failed to plead "what made [the defendant's] security measures unreasonable" and/or "[w]hat facts lead [the plaintiff] to believe [the defendant] didn't comply with industry standards.").

- In addition to the reasons addressed above, the California UCL claim fails because, as already decided by a federal district court sitting in California, the relevant conduct did not occur there. *Toretto,* 2020 WL 1288478, at *6.

- The California Records Act ("CRA") claim fails because Toretto was not a Mediant customer, which is a requirement.

- The declaratory judgment claim likely fails insofar as Plaintiffs cannot identify any future conduct a declaratory judgment could remedy. Moreover, since Plaintiffs' other claims fail, this claim must also fail because it cannot constitute a standalone cause of action. *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993).

- Plaintiffs' Florida Deceptive Trade Practices Act claim fails because that act does not apply to conduct that occurs outside Florida. *See, e.g.*, *Molinos Valle Del Cibao, C. Por A. v. Lama*, No. 07-23066-CIV, 2008 WL 11333544, at *3 (S.D. Fla. Oct. 22, 2008). Moreover, Plaintiffs have failed to plead unfair trade practices as required by this claim.

For these reasons, the reasons expressed in Donnelley's letter which Mediant incorporates by reference, and other reasons that Mediant has not included out of deference to the Court's three-page limit on pre-motion letters, it respectfully requests a pre-motion conference, as well as a continuation of the stay of discovery and an adjournment the initial pretrial conference.

Sincerely,

Casie D. Collignon
Partner