UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2022

PHILLIP TORRETTO, DANIEL C. KING, and SHERI BRAUN, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

DONNELLEY FINANCIAL SOLUTIONS, INC. and MEDIANT COMMUNICATIONS, INC., individually and as general partners,

    Defendants.

Case No. 1:20-cv-02667-GHW

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND DIRECTING NOTICE OF PROPOSED SETTLEMENT**

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Mediant have entered into a Settlement Agreement as of June 16, 2022, concerning the above-captioned litigation (the "Settlement"), which, together with its exhibits, is incorporated herein by reference. In their motion, Plaintiffs ask that the Court (1) find that it will likely be able to approve the Settlement as fair, reasonable, and adequate and certify the Settlement Class for purposes of entering judgment on the Settlement under Federal Rule of Civil Procedure 23(e), and to therefore direct that Notice be issued to the Settlement Class (2) appoint interim Class Counsel, (3) approve the proposed Notice plan, (4) appoint the Settlement Administrator, and (5) set a date for the Final Fairness Hearing. Having considered the motion and supporting memorandum of law, the Settlement together with all exhibits and attachments thereto, the record, and the prior proceedings to date in this matter,

    **IT IS HEREBY ORDERED** as follows:

1.  Unless otherwise defined herein, all terms capitalized herein shall have the same meaning ascribed to those terms in the Settlement.

2.  The Court has jurisdiction over this litigation, Plaintiffs, Mediant Communications, Inc. ("Mediant"), the Settlement Class Members, and the Released Parties.

**PRELIMINARY APPROVAL OF SETTLEMENT AS FAIR, REASONABLE AND ADEQUATE**

3.  On June 17, 2022, Plaintiffs filed their Unopposed Motion for an Order Preliminarily Approving the Class Action Settlement as fair, reasonable, and adequate in accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of this Circuit and directing notice to the Settlement Class.

4.  Plaintiffs summarize the relevant terms of the proposed Settlement as follows:

    a.  Settlement Class Members can obtain twenty-four (24) months of credit monitoring services without the need to submit a claim;

    b.  Settlement Class Members can obtain reimbursement of Out-of-Pocket Losses up to $10,000.00 per claimant;

    c.  Settlement Class Members can obtain reimbursement for Lost Time they spent addressing the Data Security Incident up to $160 per claimant; and

    d.  Settlement Class Members will obtain structural relief in the form of contractual commitments by Mediant to enhance its network and data security measures, to be submitted to the Court under seal.

5.  The Settlement provides a straight-forward method for Settlement Class Members to claim benefits and sets forth a process for notifying the Settlement Class, obtaining final approval of the Settlement, and administering the Settlement.

**Directive to Issue Notice to Settlement Class**

6. Pursuant to Federal Rule of Civil Procedure 23(e)(1)(A), the Court finds that it has sufficient information to enable it to determine whether to direct notice of the proposed Settlement to the Settlement Class. The Court thus first considers the fairness, reasonableness, and adequacy of the Settlement under Rule 23(e)(1)(B)(i) and (e)(2).

7. First, the Court finds that the Class Representatives and Class Counsel have adequately represented the class. Class Counsel are highly experienced in complex class actions and data breach litigation, and the Class Representatives' interests align with those of the Settlement Class Members, as they all suffered the same injury: theft of their personal information in the Data Security Incident.

8. Next, the Court finds that the Settlement is the result of adversarial, arm's-length, informed, and non-collusive negotiations between Mediant and Plaintiffs and their counsel. The Parties pursued adversarial litigation for several years prior to reaching the Settlement, and the involvement of mediator in the Parties' negotiations, during two separate full-day mediation sessions, further supports the finding that the Settlement was negotiated at arms-length.

9. Further, the relief provided to the Settlement Class Members under the Settlement is adequate, taking into account the substantial risks of continued litigation, especially in data incident cases such as this one. The Settlement offers Class Members benefits including reimbursement for Out-of-Pocket Losses and Lost Time spent addressing the Data Security Incident. These cash reimbursement benefits are uncapped, meaning Settlement Class Members' recoveries will not be reduced depending on the number of claimants. In addition, the Settlement offers protection against prospective harm from the Data Security Incident, by providing up to

two-years of free Credit Monitoring Services and through Mediant's commitment to improving its network and data security measures.

10.     In addition, the proposed method for distributing relief to the Settlement Class Members is adequate and effective. The Settlement Class will be notified of the Settlement directly via U.S. Mail, and Claimants may submit claims for Out-of-Pocket Losses and Documented or Attested Time either via a Settlement Website or by mail. In addition, Settlement Class Members will have access to Credit Monitoring Services whether or not they submit a Claim, by providing an email address and unique claimant identifier to the Settlement Administrator. Mediant's information security improvements will benefit Settlement Class Members without requiring any action by Settlement Class Members.

11.     The Settlement's provisions for awards of attorneys' fees and costs and service payments to the Class Representatives, which will be paid separately by Mediant and will not diminish the recovery available to Settlement Class Members, are reasonable, subject to the Court's review of a timely filed fee application. The Settlement provides that Class Counsel will seek attorneys' fees and expenses in an amount not to exceed $700,000.00, and that Mediant shall pay any award of attorneys' fees and costs in addition to any benefits provided to Settlement Class Members. The Settlement also provides that Class Counsel will seek service awards for the Class Representatives and that Mediant has agreed not to object to a request for a service award in the amount of $2,500.00 to each Class Representative (for a total payment of $7,500.00). Class Counsel will file a separate motion for attorneys' fees, expenses, and service awards in accordance with the schedule set forth below, which the Court will address in accordance with final approval. At this stage, the Court finds the Settlement's provision for these awards supports a finding that

the Court will likely be able to approve the Settlement. Further, the proposed Settlement treats all Settlement Class Members equitably relative to each other.

12.     As to the additional factors courts in this Circuit consider in assessing a proposed class settlement, *see City of Detroit v. Grinnell Corp.*, 495 F.2d 488, 463 (2d Cir. 1974), the ability of Mediant to withstand a greater judgment weighs in favor of approval, and the Settlement Class Members' recovery is within a reasonable range in light of the best possible recovery and all the attendant risks of litigation. Settlement Class Members are entitled to recover their actual losses and time spent addressing the Data Security Incident, which will not be reduced depending on the number of claimants, and to obtain comprehensive Credit Monitoring Services to avoid or minimize future harms. The Settlement also requires Mediant to separately pay the costs of notice of claims administration, attorneys' fees and expenses due to Class Counsel and service awards to Class Representatives, and the costs of implementing enhanced data security measures. Weighed against the risks of continued litigation, the relief afforded by the Settlement is within a reasonable range. Therefore, the *Grinnell* factors weigh in favor of a finding that the Court will likely be able to approve the Settlement.

13.     Next, the Court determines that it will likely be able to certify the proposed class for purposes of judgment on the proposed Settlement under Rule 23(e)(1)(B)(ii), as:

    a. the Settlement Class contains approximately 224,650 individuals and joinder of all such persons would be impracticable and therefore the Settlement Class is sufficiently numerous;

    b. there are questions of law and fact that are common to the Settlement Class, including whether Mediant had a duty to secure its clients' investors' personal data and whether it took reasonable steps to do so, and those common questions

of law and fact predominate over any questions affecting any individual in the Settlement Class;

c. the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of the Settlement, as they suffered and seek to remedy the same injury;

d. a class action is superior to other available means of adjudicating the dispute, as it is the most efficient and effective means of resolving the claims of the geographically dispersed Settlement Class Members; and

e. Plaintiffs and Class Counsel are adequate representatives of the Settlement Class, as Class Counsel are experienced and qualified, and Plaintiffs have no conflicts of interest with the Settlement Class.

14. The Court thus finds that it will likely be able to certify the following class for settlement purposes only:

> The approximately 224,650 individuals who were mailed a notification that their personal information may have been impacted in the Data Security Incident experienced by Mediant on or around April 1, 2019.

15. Because the Court finds it will likely be able to approve the proposed Settlement and to certify the Settlement Class for purposes of judgment on the proposal, the Court finds that notice should issue to the Settlement Class.

## Class Counsel

16. For purposes of issuing Notice of the Settlement, the Court appoints J. Austin Moore of Stueve Siegel Hanson, LLP, Elaine A. Ryan of Auer Ryan, P.C., and John A. Yanchunis of Morgan & Morgan as interim Class Counsel pursuant to Rule 23(g)(3). Proposed Class Counsel have significant class action, litigation, and trial experience, including experience and expertise in

data breach and data privacy litigation, and the Court authorizes Class Counsel to enter into the Settlement on behalf of the Class Representatives and the Settlement Class Members, and to bind them to all the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

### Notice and Administration

17. The Court hereby appoints Epiq Class Action and Claims Solutions, Inc. to serve as the Settlement Administrator and to fulfill the duties of the Settlement Administrator as set forth in the Settlement, including distributing Notice to the Settlement Class in accordance with the Settlement's Notice plan, reviewing and filing responses from Settlement Class Members, and processing Claims and distributing Settlement benefits.

18. The Court finds that the proposed method and forms of Notice (substantially in the form of Exhibit B and Exhibit C, as attached to the Settlement), satisfy the requirements of due process and provide the best notice practicable under the circumstances as required by Federal Rule of Civil Procedure 23. The postcard Notice is to be sent to the Settlement Class via U.S. Mail at the last known address in Mediant's possession, after it is checked against several databases to ensure that it is up-to-date. The Notices are reasonably calculated to apprise the Settlement Class in plain language of the nature of this litigation and the underlying dispute, the scope of the Settlement Class, the terms and benefits of the Settlement, the right of the Settlement Class to object to the Settlement or exclude themselves from the Settlement Class, as well as the process for doing so, and of the Final Fairness Hearing. The Notices also warn Settlement Class Members that, if they fail to opt-out of the Settlement, they will give up their rights to bring their own claims.

19. Therefore, the Court approves the proposed Notices and Notice plan, including the creation of a Settlement Website and maintenance of a Settlement Toll-Free Number, and directs

the Parties and the Settlement Administrator to proceed with providing notice to the Settlement Class pursuant to the terms of the Settlement and this Order.

20. Under the terms of the Settlement, within sixty (60) days of this Preliminary Approval Order, the Settlement Administrator shall commence disseminating notice by U.S. Mail to all Settlement Class Members. Within fifteen (15) days thereafter, dissemination of the Notice shall be completed.

## Exclusions and Objections

21. In order to validly be excluded from the Settlement, the Persons falling within the Settlement Class must send a letter to the Settlement Administrator no later than forty (40) days after the Notice Date, stating he or she wants to be excluded from the Settlement in *Toretto et al. v. Donnelley Financial Solutions, Inc. et. al.*, Case No. 1:20-cv-02667-GHW in the United States District Court for the Southern District of New York, and include his or her name, current address, and signature. If the opt-out is untimely or otherwise fails to comply with any of the provisions for a valid opt-out, it shall not be considered a valid opt-out.

22. All those in the Settlement Class who do not opt-out and exclude themselves shall be bound by the terms of the Settlement, including the Release as outlined in the Settlement, upon entry of the Final Judgment.

23. Settlement Class Members who wish to comment on or object to the Settlement may do so by submitting a written objection as specified in the class notice.

24. To be valid, an objection must state: (a) the objector's full name, address, telephone number, and e-mail address (if any); (b) information identifying the objector as a Settlement Class Member; (c) a written statement of all grounds for the objection, accompanied by any legal support the objector cares to submit; (d) the identity of all lawyers (if any) representing the objector; (e)

the identity of all of the objector's lawyers (if any) who will appear at the Final Fairness Hearing; (f) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (g) the objector's signature or the signature of the objector's duly authorized lawyer or other duly authorized representative. The Notice will further inform the Settlement Class that to be considered timely, any valid objection in the appropriate form must be mailed to the Settlement Administrator and postmarked no later than forty (40) days after the Notice Date.

25.     In accordance with the procedures outlined herein and in the class Notice, any Settlement Class Member who fails to follow these procedures shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement and/or the Final Judgment by appeal or other means.

## FINAL FAIRNESS HEARING

26. The Court will hold a Final Fairness Hearing on January 5, 2023, at 10:00 a.m., in Courtroom 12C of the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. The Court may require or allow the Parties and any objectors to appear at the Final Fairness Hearing by telephone or videoconference.

27.     At the Final Fairness Hearing, the Court will finally determine whether: (a) the Settlement is fair, reasonable, and adequate and should therefore be finally approved; (b) the Settlement Class should be finally certified for purposes of entering judgment on the Settlement; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees, costs, and expenses should be granted; and (e) the service awards sought for the Class Representatives should be awarded.

**DEADLINES AND TERMINATION**

28. All proceedings, deadlines, and discovery in this matter, except those necessary to implement this Order and Settlement, are hereby stayed and suspended until further order of the Court.

29. In the event that the Settlement is terminated pursuant to the terms of the Settlement, (a) the Settlement and this Order shall become void, shall have no further force or effect, and shall not be used in any action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement; and (c) no term or draft of the Settlement or any part of the Parties' settlement discussions, negotiations, or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any action or other proceeding other than as may be necessary to enforce the terms of the Settlement that survive termination; (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Mediant; or (iii) be deemed an admission or concession by any party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

30. The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.

**SUMMARY OF DEADLINES**

31. The preliminarily approved Settlement shall be administered according to its terms pending the Final Fairness Hearing. Deadlines arising under the Settlement and this Order include the following:

10

| EVENT | DATE |
|---|---|
| Mediant provides CAFA notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of Plaintiff's Motion for Preliminary Approval |
| Mediant to Provide Class Member Information | Within 14 days following entry of Preliminary Approval Order |
| Notice Date | Within 60 days after the Preliminary Approval Order |
| Notice Program Concludes | Within 75 days after the Preliminary Approval Order |
| Compliance with CAFA waiting period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental officials are served with CAFA notice |
| Postmark deadline for requests for exclusion (Opt-out) or Objections | 40 days after the Notice Date |
| Postmark/filing deadline for filing claims | 90 days after the Notice Date |
| Motion for Attorneys' Fees, Expenses, and Service Awards to the Plaintiffs | 21 days Prior to Opt-Out and Objections Deadlines |
| Motion for Final Approval to be filed by Class Counsel | 14 days before the Final Approval Hearing |
| Final Approval Hearing | January 5, 2023 at 10:00 a.m. |

**IT IS SO ORDERED.**

Entered this  24th day of   June       , 2022.


                                                     _____
                                                           Hon. Gregory H. Woods
                                                         United States District Judge