```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PHILLIP TORETTO, DANIEL C. KING, and      :
SHERI BRAUN, individually and on behalf of all  :
others similarly situated,                :
                                          :
                                          :        1:20-cv-2667-GHW
                         Plaintiffs,      :
         -against-                        :        ORDER
                                          :
DONNELLEY FINANCIAL SOLUTIONS, INC.       :
and MEDIANT COMMUNICATIONS, INC.,         :
                                          :
                         Defendants.      :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On June 17, 2022 the parties filed a motion to seal Exhibit A of the parties' settlement agreement, which in turn is Exhibit 1 to Plaintiff's motion for preliminary approval of the class action settlement. Dkt. No. 144. As the parties' identify, Exhibit A "describes the business practice commitments, or security-system and practices enhancements, that are either presently in place or that Mediant will put in place pursuant to the Settlement Agreement." *Id.* The Court granted Plaintiff's motion for preliminary approval of the class action settlement by separate order to be entered today.

"There is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to [e]nsure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

A court balances this common law presumption of access against competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access' to that document." *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is granted. Exhibit A to the parties' settlement agreement is a judicial document because it was filed in connection with Plaintiff's motion for preliminary approval of the class action settlement. The weight of the presumption is modest. The Court considered the details of Mediant's business and security commitments, but those aspects of the settlement are prophylactic and intended to guard against possible future breaches; they do not provide class members with redress for asserted injuries. Further, the parties contend that Exhibit A contains "nonpublic, confidential, and commercially sensitive information" and that "public availability of the details of [Mediant's] operating systems and system protections could serve as a roadmap to anyone seeking unauthorized access to Mediant's network." Dkt. No. 144. Because release of the information contained in Exhibit A could pose a security risk or cause

commercial harm to Mediant, and because the parties' request is narrowly tailored to protect only a limited portion of the settlement agreement, the presumption of public access is overcome as to Exhibit A. As a result, the motion to seal is granted.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 144.

SO ORDERED.

Dated: June 24, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge