**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PHILLIP TORRETTO, DANIEL C. KING,
and SHERI BRAUN, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

DONNELLEY FINANCIAL SOLUTIONS,
INC. and MEDIANT
COMMUNICATIONS, INC.,

Defendants.

Case No. 1:20-cv-02667-GHW

## DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICES

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1.    My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.    I am a nationally recognized expert in the field of legal notice, and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.    I am the Senior Vice President of Epiq Class Action and Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications, a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.  Hilsoft Notifications is a business unit of Epiq.[1]

4.    This declaration will describe the successful implementation of the Settlement Notice Plan ("Notice Plan") and notices (the "Notice" or "Notices") for *Toretto et al. v. Donnelley Financial Solutions, Inc. et. al.*, Case No. 1:20-cv-02667-GHW in the United States District Court

---

[1] References to Epiq in this declaration include Hilsoft Notifications.

for the Southern District of New York.  I previously executed my *Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices,* on June 17, 2022, which described the Notice Plan, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae.*  I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

## OVERVIEW

5.    On June 24, 2022, the Court approved the Notice Plan designed by Hilsoft and appointed Epiq as the Settlement Administrator in the *Order Preliminarily Approving Class Action Settlement and Directing Notice of Proposed Settlement* ("Preliminary Approval Order").  In the Preliminary Approval Order, the Court provisionally certified the following "Settlement Class" as:

> The approximately 224,650 individuals who were mailed a notification that their personal information may have been impacted in the Data Security Incident experienced by Mediant on or around April 1, 2019.

6.    After the Court's Preliminary Approval Order was entered, we began to implement the Notice Plan.  This declaration will detail the notice activities undertaken and explain how and why the Notice Plan was comprehensive and well-suited to the Settlement Class.  This declaration will also discuss the administration activity to date.  The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

## NOTICE PLAN SUMMARY

7.    The Federal Rules of Civil Procedure, Rule 23 directs that notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," and that "the notice may be by one or more of the following: United States mail, electronic means, or other appropriate means.[2]  The Notice Plan here satisfied these requirements.

8.    This Notice Plan was designed to reach the greatest practicable number of Settlement Class Members.  The Notice Plan individual notice efforts reached approximately

---

[2] Fed. R. Civ. P. 23(c)(2)(B).

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PLAN AND NOTICES

98.1% of the identified Settlement Class.  The reach was further enhanced by a Settlement Website. In my experience, the reach of the Notice Plan was consistent with other court-approved notice plans, was the best notice practicable under the circumstances of this case, and satisfied the requirements of due process, including its "desire to actually inform" requirement.[3]

## CAFA NOTICE

9.    On June 27, 2022, Epiq sent 56 CAFA Notice Packages ("CAFA Notice") on behalf of Defendant Mediant Communications, Inc. as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.  The CAFA Notice was mailed via USPS Certified Mail to 55 officials, including the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories of Guam, Puerto Rico, Saipan, and the Virgin Islands.  The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States. Details regarding the CAFA Notice mailing are provided in the *Declaration of Stephanie J. Fiereck, Esq. on Implementation of CAFA Notice*, dated June 27, 2022, which is included as **Attachment 1**.

## NOTICE PLAN IMPLEMENTATION

### *Individual Notice*

10.    On June 24, 2022, Epiq received files from Mediant containing 213,965 records. The data included names and physical addresses for virtually all identified Settlement Class Members.  Epiq deduplicated and rolled-up the records where names and addresses were an exact match and loaded 213,290 unique Settlement Class Member records into its database.  Of these unique records, 213,283 unique Settlement Class Member records included a physical mailing address and were identified to be mailed a Postcard Notice via United States Postal Service ("USPS") first-class mail.

### *Individual Notice – Direct Mail*

11.    On August 23, 2022, Epiq sent 213,283 Postcard Notices via USPS first class mail

---

[3] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PLAN AND NOTICES

to all identified Settlement Class Members with an associated physical address. The Postcard Notice clearly and concisely summarized the case, the Settlement, and the legal rights of the Settlement Class Members. The Postcard Notice included a detachable, postage prepaid form which a Settlement Class Member could return to request enrollment in two years of free Credit Monitoring Services without the need to submit a Claim. In addition, the Postcard Notice also directed the recipients to the Settlement Website where they can access additional information. The Postcard Notice is included as **Attachment 2**.

12.     Prior to sending the Postcard Notice, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure Settlement Class Member address information was up-to-date and accurately formatted for mailing.[4] In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and were verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

13.     The return address on the Postcard Notices is a post office box that Epiq maintains for this case. The USPS automatically forwarded Postcard Notices with an available forwarding address order that has not expired ("Postal Forwards"). Postcard Notices returned as undeliverable were re-mailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order has expired, but is still within the time period in which the USPS returns the piece with the address indicated), and to better addresses that were found using a third-party lookup service. Upon successfully locating better addresses, Postcard Notices were promptly remailed. As of December 20, 2022, Epiq has re-mailed 4,977 Postcard Notices where a forwarding address was provided, or a better address was identified using a third-party lookup service.

---

[4] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service™. The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PLAN AND NOTICES

14.    Additionally, a Long Form Notice and Claim Form ("Notice Package") were mailed to all persons who requested one via the toll-free telephone number or by mail. As of December 20, 2022, 55 Notice Packages have been mailed as a result of such requests. The Long Form Notice is included as **Attachment 3**. The Claim Form is included as **Attachment 4**.

### *Notice Results*

15.    As of December 20, 2022, a Postcard Notice was delivered to 209,422 of the 213,290 unique, identified Settlement Class Members sent notice. This means the individual notice efforts reached approximately 98.1% of the identified Settlement Class Members sent notice.

### *Settlement Website*

16.    On August 22, 2022, Epiq established a dedicated Settlement Website with an easy to remember domain name (www.MediantSettlement.com). Relevant documents, including the Long Form Notice, Claim Form, Settlement Agreement, Second Amended Complaint, Preliminary Approval Order, and Motion for Attorneys' Fees and Service Awards are posted on the Settlement Website. The Settlement Website also provided the ability for Settlement Class Members to file an online Claim Form and/or request credit monitoring prior to the deadline. In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for opting out (requesting exclusion) from or objecting to the Settlement prior to the deadline, contact information for the Settlement Administrator, and how to obtain other case-related information. The Settlement Website address was prominently displayed in all notice documents.

17.    As of December 20, 2022, there have been 12,457 unique visitor sessions to the Settlement Website and 37,468 website pages presented.

### *Toll-Free Number and Other Contact Information*

18.    On August 22, 2022, a toll-free telephone number (1-888-490-0774) was established for the Settlement. Callers are able to hear an introductory message and also have the option to learn more about the Settlement in the form of recorded answers to FAQs. Callers were able to request that a Long Form Notice and Claim Form be mailed to them. This automated phone system continues to be available 24 hours per day, 7 days per week. The toll-free telephone

number was prominently displayed in all notice documents.

19.    As of December 20, 2022, there have been 347 calls to the toll-free telephone number representing 981 minutes of use.

20.    A postal mailing address and email inbox were established and continue to be available, providing Settlement Class Members with the opportunity to request additional information or ask questions.

### Requests for Exclusion and Objections

21.    The deadline to request exclusion from the Settlement or to object to the Settlement was October 3, 2022.  As of December 20, 2022, Epiq has received one request for exclusion. The Request for Exclusion Report is included as **Attachment 5**.  As of December 20, 2022, I am not aware of any objections to the Settlement.

### Claim Submission & Distribution Options

22.    The Notices provided a detailed summary of the relevant information about the Settlement, including the Settlement Website address and how Settlement Class Members could file a Claim Form online or by mail.  The Postcard Notice included the Settlement Website URL, where Settlement Class Members could file a Claim Form online.  With any method of filing a Claim Form, Settlement Class Members were given the option of receiving a digital payment or a traditional paper check.

23.    The deadline for Settlement Class Members to file a claim was November 21, 2022. As of December 20, 2022, Epiq has received 1,147 Claim Forms (939 online and 208 paper) seeking reimbursement for Lost Time and/or Expenses totaling $870,257.33. Epiq has received 6,519 Credit Monitoring enrollment requests (2,543 online and 3,976 paper).  As standard practice, Epiq is in the process of conducting a complete review and audit of all claims received.  There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms.  Per the Settlement Agreement, Epiq is in the process of preparing to send formal Deficiency Notices to all Settlement Class Members with a deficient Claim.

### PLAIN LANGUAGE NOTICE DESIGN

24.    The Notices and Claim Form were carefully designed in consultation with counsel

for the settling parties, to be "noticed," reviewed, and—by presenting the information in plain language—understood by Settlement Class Members.  The design of the Notices followed the principles embodied in the Federal Judicial Center's ("FJC") illustrative "model" notices, posted at www.fjc.gov.  Many courts, and the FJC itself, have approved notices that Epiq has written and designed in a similar fashion.  The Notices contained substantial, easy-to-read summaries of all key information about Settlement Class Members' rights and options under the Settlement. Consistent with our standard practice, all notice documents underwent a final edit for grammar and accuracy prior to their dissemination and publication.

25.     The Long Form Notice provided substantial information to Settlement Class Members.  The Long Form Notice included (i) details regarding the Settlement Class Members' ability to opt out or object to the Settlement Agreement, (ii) instructions on how to submit a Claim Form, (iii) the deadline to submit a Claim Form, opt out, or object, and (iv) the date, time, and location of the Fairness Hearing, among other information.

## CONCLUSION

26.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice plan be designed to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way. All of these requirements were met in this case.

27.     The Notice Plan included an extensive individual notice effort to the identified Settlement Class Members.  The individual notice efforts of the Notice Plan reached approximately 98.1% of the identified Settlement Class Members.  The individual notice was supplemented with a dedicated Settlement Website.  The FJC's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide states that "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the

Settlement Class. It is reasonable to reach between 70–95%."[5] Here, the Notice Plan we developed achieved a reach at the high end of that standard.

28.    The Notice Plan followed the guidance for satisfying due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which emphasize the need: (a) to endeavor to actually inform the Settlement Class, and (b) to ensure that notice is reasonably calculated to do so:

   a)  "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950); and

   b)  "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (citing *Mullane*, 339 U.S. at 314).

29.    The Notice Plan in this case provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rule of Civil Procedure 23 regarding notice, comported with the guidance for effective notice articulated in the Manual for Complex Litigation, Fourth and applicable FJC materials, and exceeded the requirements of due process, including its "desire to actually inform" requirement.

30.    The Notice Plan schedule afforded enough time to provide full and proper notice to Settlement Class Members before the opt-out and objection deadlines.

I declare under penalty of perjury that the foregoing is true and correct. Executed December 20, 2022.

_____
Cameron R. Azari, Esq.

---

[5] Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010), available at http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PLAN AND NOTICES

Attachment 1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| PHILLIP TORRETTO, DANIEL C. KING, and SHERI BRAUN, individually and on behalf of all others similarly situated, |
| Plaintiffs, |
| v. |
| DONNELLEY FINANCIAL SOLUTIONS, INC. and MEDIANT COMMUNICATIONS, INC., |
| Defendants. |

Case No. 1:20-cv-02667-GHW

**DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF
CAFA NOTICE**

I, STEPHANIE J. FIERECK, ESQ., hereby declare and state as follows:

1.      My name is Stephanie J. Fiereck, Esq.  I am over the age of 21 and I have

personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am the Director of Legal Noticing for Hilsoft Notifications ("Hilsoft"), a firm

that specializes in designing, developing, analyzing, and implementing large-scale legal

notification plans.  Hilsoft is a business unit of Epiq Class Action & Claims Solutions, Inc.

("Epiq"), the proposed class notice administrator in this case.  I have overseen and handled Class

Action Fairness Action ("CAFA") notice mailings for more than 350 class action settlements.

3.      Epiq is a firm with more than 25 years of experience in claims processing and

settlement administration.  Epiq's class action case administration services include coordination

of all notice requirements, design of direct-mail notices, establishment of fulfillment services,

DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE

receipt and processing of opt-outs, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, funds management and distribution services.

4.      The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

## CAFA NOTICE IMPLEMENTATION

5.      At the direction of counsel for the Defendant Mediant Communications, Inc., 56 officials, which included the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories of Guam, Puerto Rico, Saipan, and the Virgin Islands were identified to receive the CAFA notice.

6.      Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the USPS.[1]

7.      On June 27, 2022, Epiq sent 56 CAFA Notice Packages ("Notice").  The Notice was mailed via USPS Certified Mail to 55 officials, including the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories of Guam, Puerto Rico, Saipan, and the Virgin Islands.  The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Certified Mail and UPS) is included as **Attachment 1**.

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE

8.      The materials sent to the federal and state officials included a cover letter, which provided notice of the proposed settlement of the above-captioned case.   The cover letter is included as **Attachment 2**.

9.      The cover letter was accompanied by a CD, which included the following:

a.      **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:** Class Action Complaint, First Amended Complaint, and Second Amended Complaint.

b.      **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:** Forms of Notice (provided as Settlement Agreement Exhibits B-D for the Long Form Notice, Claim Form, and Summary Notice).

c.      **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents were included:

- Settlement Agreement with Exhibits; and

- Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement Pursuant to Rule 23(e).

d.      **Per 28 U.S.C. § 1715(b)(7)(A) and (B) – Names and Estimate of Class Members:** Class Member Geographic Report.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on June 27, 2022.

Stephanie J. Fiereck, Esq.

# **Attachment 1**

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---------|----------|----------|----------|------|-------|-----|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

**CAFA Notice Service List**
**USPS Certified Mail**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | PO Box 110300 | | Juneau | AK | 99811 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Law Section | 455 Golden Gate Ave Ste 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway 10th Fl | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 165 Capitol Ave | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Holly T. Shikada | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Todd Rokita | Indiana Government Center South | 302 W Washington St 5th Fl | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Avenue | Suite 118 | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO Box 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St | Suite 1400 | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Eric Schmitt | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | Department of Justice | PO Box 220 | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders Third Floor | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H. Wrigley | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J. Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Aaron Ford | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street | 15th Floor | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 East Broad Street | 14th Floor | Columbus | OH | 43215 |
| Office of the Attorney General | John O'Connor | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Jason Ravnsborg | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | 300 W 15th St | | Austin | TX | 78701 |
| Office of the Attorney General | Sean D. Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S. Miyares | 202 North Ninth Street | | Richmond | VA | 23219 |
| Office of the Attorney General | TJ Donovan | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 Fifth Avenue | Suite 2000 | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex | Bldg 1 Room E 26 | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Attorney General Office of Guam | Leevin T Camacho | Administration Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Denise N. George | 34-38 Kronprindsens Gade | GERS Bldg 2nd Fl | St Thomas | VI | 00802 |

# **Attachment 2**

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

June 27, 2022

**VIA UPS OR USPS CERTIFIED MAIL**

| Class Action Fairness Act – Notice to Federal and State Officials |
| :---: |

Dear Federal and State Officials:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1715, please find enclosed information from Defendant Mediant Communications, Inc. relating to the proposed settlement of a class action lawsuit.

- **Case:** *Toretto et al. v. Donnelley Financial Solutions, Inc. et al.* Case No. 1:20-cv-02667.

- **Court:** United States District Court for the Southern District of New York.

- **Defendant:** Mediant Communications, Inc.

- **Documents Enclosed**: In accordance with the requirements of 28 U.S.C. § 1715, please find copies of the following documents associated with this action on the enclosed CD:

  1. **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:** Class Action Complaint, First Amended Complaint, and Second Amended Complaint.

  2. **Per 28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** The Court has not scheduled a preliminary approval hearing or a final approval hearing or any other judicial hearing concerning the settlement agreement at this time.

  3. **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:** Forms of Notice (see Settlement Agreement Exhibits B-D for the Long Form Notice, Claim Form, and Summary Notice).

  4. **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents are included:

     - Settlement Agreement with Exhibits; and

     - Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement Pursuant to Rule 23(e).

  5. **Per 28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreements:** There is no other Settlement or Agreement.

  6. **Per 28 U.S.C. § 1715(b)(6) – Final Judgment or Notice of Dismissal:** To date, the Court has not issued a final order, judgment or dismissal in the above-referenced action.

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

7. **Per 28 U.S.C. § 1715(b)(7)(A) and (B) – Names and Estimate of Class Members:** Class Member Geographic Report.

8. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:** To date, the Court has not issued a final order or judgment in the above-referenced action.

If you have questions or concerns about this notice or the enclosed materials, please contact this office.

Very truly yours,

CAFA Notice Administrator


Enclosures

Attachment 2

Mediant Settlement Administrator
PO Box 5290
Portland, OR 97208-5290

Presorted
First-Class Mail
US Postage
PAID
Portland OR
Permit No. 2882

Unique ID:

**You may be entitled to benefits from a class action settlement, including free credit monitoring and cash reimbursement. Visit <u>www.MediantSettlement.com</u>**

000016



## ACCESS YOUR FREE CREDIT MONITORING

You can access your free Credit Monitoring Services by writing your email address below and returning the attached prepaid postcard via the U.S. Postal Service. Activation instructions will be emailed to you once the Settlement is finalized.

Email Address:

| | | | | | | | | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|
| | | | | | | | | | | | | | | | | | | | | | | | | | | |

15671001-001-00016611

A class action settlement has been reached in a lawsuit against Mediant Communications Inc., arising out of an April 2019 Data Security Incident that may have resulted in the exposure of your personal information. To submit a Claim online, please visit www.MediantSettlement.com.

**You are receiving this Notice because you may be a Class Member**. Under the terms of the Settlement, you can recover the following benefits:

**Free Credit Monitoring Service**s: You are automatically eligible for two years of free Credit Monitoring Services without the need to submit a Claim. You can access this benefit by providing your email address and Unique ID (located on the front of this postcard) at www.MediantSettlement.com/CreditMonitor or you can write your email address on the attached credit monitoring form and return the prepaid postcard via the U.S. Postal Service. Activation instructions will be emailed to you once the Settlement is finalized.

**Reimbursement for Out-of-Pocket Losses**. If you have documentation showing that you spent money or incurred losses as a result of Mediant's Data Security Incident, you may be eligible for reimbursement up to $10,000.

**Reimbursement for Lost Time**. If you lost time as a result of Mediant's Data Security Incident, you may be eligible for reimbursement up to $160. You can submit a Claim for up to 3 hours of lost time at $20 per hour by providing a brief written description of how the claimed time was spent. You can recover an additional 5 hours of lost time at $20 per hour by submitting reasonable supporting documentation of the time spent.

The easiest way to submit a Claim is online at www.MediantSettlement.com. To be eligible, you must complete and submit a valid Claim Form, postmarked or submitted online on or before **November 21, 2022**. You can also exclude yourself or object to the Settlement on or before **October 3, 2022**. If you do not exclude yourself from the Settlement, you will remain in the Class and will give up the right to sue Mediant for the claims resolved by the Settlement. **A summary of your rights under the Settlement and instructions regarding how to submit a Claim, access the Credit Monitoring benefit, exclude yourself, or object are available at www.MediantSettlement.com.**

The Court will hold a Final Fairness Hearing on **January 5, 2023, at 10:00 a.m. EST**. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also listen to people who have asked to speak at the hearing. You may attend the Hearing at your own expense, or you may also pay your own lawyer to attend, but it is not necessary.

This Notice is a summary. The Settlement Agreement and more information about the lawsuit and Settlement are available at www.MediantSettlement.com or by calling toll-free 1-888-490-0774.



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO. 581    PORTLAND, OR

POSTAGE WILL BE PAID BY ADDRESSEE

MEDIANT SETTLEMENT ADMINISTRATOR
C/O EPIQ
PO BOX 5290
PORTLAND OR 97208-9852

Attachment 3

# You may be entitled to benefits from a class action settlement, including credit monitoring and cash reimbursement.

*A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A class action settlement has been reached in a lawsuit against Mediant Communications Inc., arising out of an April 2019 Data Security Incident that may have resulted in the exposure of your personal information. If you received a Notice regarding the Settlement or you were previously mailed a notification that your personal information may have been impacted in the Data Security Incident, you are eligible to submit a Claim. The easiest way to submit a Claim is online at www.MediantSettlement.com.

- Under the terms of the settlement, Settlement Class Members can recover the following benefits:

  o **Credit Monitoring Services**: Settlement Class Members are automatically eligible for two years of free Credit Monitoring Services without the need to submit a Claim. You can access this benefit by providing your email address and Unique ID at www.MediantSettlement.com/CreditMonitor and you will be sent enrollment instructions after the Settlement is finalized. Note: Your Unique ID is located on the front of the postcard notice that was sent to Settlement Class Members via U.S. Mail. If you received a postcard notice, you can also write your email address on the credit monitoring form included with the notice and return the prepaid postcard via the U.S. Postal Service. If you lost or do not know your Unique ID, you may contact the Settlement Administrator at info@MediantSettlement.com.

  o **Reimbursement for Out-of-Pocket Losses**. If you have documentation showing that you spent money or incurred losses as a result of the Data Security Incident, including time taken off work, you may be eligible for reimbursement up to $10,000.

  o **Reimbursement for Lost Time**. If you lost time as a result of the Data Security Incident, you may be eligible for reimbursement up to $160. You can submit a Claim for up to 3 hours of lost time at $20 per hour by providing a brief written description of how the claimed time was spent. You can recover an additional 5 hours of lost time at $20 per hour by submitting reasonable supporting documentation of the time spent.

**Your legal rights are affected whether or not you act.  Please read this Notice carefully.**

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM TO OBTAIN CASH BENEFITS** | You must submit a Claim form by mail or online in order to receive reimbursement for Out-of-Pocket Losses and/or Lost Time. | **November 21, 2022** |
| **OBTAIN CREDIT MONITORING** | Settlement Class Members are automatically entitled to two years of free Credit Monitoring Services. Please provide your email address and Unique ID at www.MediantSettlement.com/CreditMonitor. If you received a postcard notice, you can also write your email address on the credit monitoring form included with the notice and return the prepaid postcard via the U.S. Postal Service. You do not need to submit a Claim form to receive this benefit. | **November 21, 2022** |
| **EXCLUDE YOURSELF** | Get no Settlement benefits. Keep your right to sue or continue to sue the Defendant for the Claims released by the Settlement. You cannot request to exclude yourself and still object. | **October 3, 2022** |

**Questions? Go to www.MediantSettlement.com or call 1-888-490-0774**

| **OBJECT** | Tell the Court why you do not like the Settlement.<br><br>You will still be bound by the Settlement if the Court approves it.<br><br>You may still file a Claim Form and/or receive Credit Monitoring Services. | **October 3, 2022** |
|---|---|---|
| **DO NOTHING** | Get no Settlement benefits. Be bound by the Settlement. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case must still decide whether to approve the Settlement and the requested attorneys' fees and expenses. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

**BASIC INFORMATION** ..................................................................................................**PAGE 3**
1. Why is this Notice being provided?
2. What is this lawsuit about?
3. Why is the lawsuit a class action?
4. Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT** .....................................................................**PAGE 3**
5. How do I know if I am part of the Settlement?
6. Are there exceptions to being included in the Settlement?
7. What if I am still not sure whether I am part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ..................................**PAGE 4**
8. What does the Settlement provide?
9. Is there additional information available regarding the reimbursement of out-of-pocket expenses and compensation for time spent dealing with the Data Security Incident?
10. What am I giving up to receive Settlement benefits or stay in the Settlement Class?
11. What are the Released Claims?

**HOW TO GET BENEFITS FROM THE SETTLEMENT** ........................................................**PAGE 6**
12. How do I make a Claim for Settlement benefits?
13. What happens if my contact information changes after I submit a Claim?
14. When will I receive my Settlement benefits?

**THE LAWYERS REPRESENTING YOU** ............................................................................**PAGE 7**
15. Do I have lawyers in this case?
16. How will Class Counsel be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .........................................................**PAGE 7**
17. How do I exclude myself from the Settlement?
18. If I exclude myself, can I get anything from this Settlement?
19. If I do not exclude myself, can I sue the Defendant for the same thing later?

**OBJECTING TO THE SETTLEMENT** ...............................................................................**PAGE 8**
20. How do I tell the Court that I do not like the Settlement?
21. What is the difference between objecting and asking to be excluded?

**THE FINAL FAIRNESS HEARING** ...................................................................................**PAGE 9**
22. When and where will the Court decide whether to approve the Settlement?
23. Do I have to attend the Final Fairness Hearing?
24. May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING** ..................................................................................................**PAGE 9**
25. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ..................................................................................**PAGE 10**
26. How do I get more information?

## BASIC INFORMATION

| 1.  Why is this Notice being provided? |
| --- |

A Federal Court authorized this Notice because you have the right to know how the proposed Settlement of this class action lawsuit may affect your rights. This Notice explains the nature of the Litigation, the general terms of the proposed settlement, and what it may mean to you. This Notice also explains the ways you may participate in, or exclude yourself from, the Settlement.

The Honorable Gregory H. Woods of the United States District Court for the Southern District of New York is overseeing this class action. The case is known as *Toretto et al. v. Donnelley Financial Solutions, Inc. et. al.*, Case No. 1:20-cv-02667-GHW (the Litigation). The people who filed this lawsuit are called the "Plaintiffs" or "Class Representatives" and the settling company they sued, Mediant Communications Inc., is called "Mediant" or the "Defendant."

| 2.  What is this lawsuit about? |
| --- |

Mediant is a company that provides document processing services and communications to investors on behalf of mutual funds and public companies. Plaintiffs allege that on or around April 1, 2019, cybercriminals obtained unauthorized access to Mediant's business email accounts, which contained certain investor information (the "Data Security Incident"). The compromised information may have included names, genders, addresses, email addresses, phone numbers, Social Security Numbers, tax identification numbers, and bank account numbers, as well as specific information relating to investors' securities holdings.

The Defendant denies that it did anything wrong, and no court or other entity has made any judgment or other determination of any wrongdoing. Instead, Plaintiffs and the Defendant have agreed to a settlement to avoid the risk, cost, and time of further litigation.

| 3.  Why is the lawsuit a class action? |
| --- |

In a class action, one or more people called class representatives sue on behalf of all people who have similar claims. Together all these people are called a "Settlement Class" or "Settlement Class Members." One court resolves the issues for all Settlement Class Members, except for those Settlement Class Members who timely exclude themselves from the Settlement Class.

| 4.  Why is there a Settlement? |
| --- |

The Court has not decided in favor of Plaintiffs or the Defendant. Instead, both sides agreed to a settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while more quickly providing benefits to members of the Settlement Class.

## WHO IS INCLUDED IN THE SETTLEMENT?

| 5.  How do I know if I am part of the Settlement? |
| --- |

You are a Settlement Class Member if you received a postcard notice about this Settlement or you were previously mailed a notification that your personal information may have been impacted in the Data Security Incident occurring on or around April 1, 2019.

**6.  Are there exceptions to being included in the Settlement?**

Yes. Excluded from the Settlement Class are: (1) all Settlement Class Members who timely and validly request exclusion ("opt-out") from the Settlement Class; (2) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal occurrence of the Data Security Incident or who pleads *nolo contendere* (a legal term that means "I do not wish to contend") to any such charge; and (3) the presiding judge and his staff and family.

**7.  What if I am still not sure whether I am part of the Settlement?**

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.MediantSettlement.com or call the Settlement Administrator's toll-free number at 1-888-490-0774.

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**8.  What does the Settlement provide?**

**Reimbursement of Documented Out-of-Pocket Losses:**

If you are a Settlement Class Member and you file a valid and timely Claim Form, you may be eligible for reimbursement of the following documented out-of-pocket losses, not to exceed $10,000 per Settlement Class Member, that were incurred as a result of, and fairly traceable to, the Data Security Incident:

- Unreimbursed costs, expenses, losses, or other charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of a Settlement Class Member's personal information;
- Costs incurred on or after April 1, 2019, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency;
- Other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges;
- Credit monitoring or other mitigative costs that were incurred on or after April 1, 2019, through the date of the Settlement Class Member's Claim submission; and
- Documented time taken off work to address issues related to the Data Security Incident to be compensated at the Settlement Class Member's regular and documented hourly rate up to $250 per hour.

To receive reimbursement for any of the above-referenced out-of-pocket losses, you must submit documentation of your out-of-pocket losses along with your Claim Form.

**Lost Time:**

If you are a Settlement Class Member and you file a valid and timely Claim Form, you may be eligible to receive up to three (3) hours for time spent dealing with the Data Security Incident (calculated at the rate of $20 per hour) if you provide the following on your Claim Form:

(1) Attestation that any claimed time lost was spent related to the Data Security Incident; and
(2) Provide a brief written description of how the claimed lost time was spent.

You may claim up to an additional five (5) hours of lost time at $20 per hour if you submit reasonable supporting documentation of the time spent (along with a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone).

Required documentation to support your Claim can include receipts or other documentation that is not "self-prepared." "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

**Credit Monitoring Services:**

Settlement Class Members are automatically eligible for two years of free Credit Monitoring Services without the need to submit a Claim. You can access this benefit by providing your email address and Unique ID at www.MediantSettlement.com/CreditMonitor and you will be sent enrollment instructions after the Settlement is finalized. Your Unique ID is located on the front of the postcard notice that was sent to Settlement Class Members via U.S. Mail. If you received a postcard notice, you can also write your email address on the credit monitoring form included with the notice and return the prepaid postcard via the U.S. Postal Service. If you lost or do not know your Unique ID, you may contact the Settlement Administrator at info@MediantSettlement.com. You do not need to submit a Claim Form to receive this benefit.

> **9.  Is there additional information available regarding the reimbursement of out-of-pocket losses and compensation for time spent dealing with the Data Security Incident?**

Yes. Settlement Class Members seeking reimbursement must complete and submit a Claim Form to the Settlement Administrator by **November 21, 2022**. Claim Forms can be submitted online at www.MediantSettlement.com or by mail.  If by mail, the Claim Form must be postmarked by **November 21, 2022**.

> **10.  What am I giving up to receive Settlement benefits or stay in the Settlement Class?**

Unless you exclude yourself, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Defendant and the Released Parties for the Released Claims. More information regarding the Released Parties and the Released Claims can be found in the Settlement Agreement available at www.MediantSettlement.com.

> **11.  What are the Released Claims and the Released Parties?**

The Settlement Agreement in Section II, paragraph 26 and Section V, paragraphs 34-36 (titled "Release") describes the Release, Released Claims, and Released Parties, so please read these sections carefully. The Released Parties specifically include the Defendant, Donnelley Financial Solutions, Inc., Donnelley Financial LLC, Blackstone Real Estate Income Trust, Inc., Griffin-American Healthcare REIT III, Inc., Griffin-American Healthcare REIT IV, Inc., Griffin Institutional Access Real Estate Fund, Destra Dividend Total Return Fund, Ivy Natural Resources Fund's 2018 proxy, Ivy National Resources Fund's 2019 proxy, Moody National REIT II, Inc., Strategic Storage Growth Trust, Inc., Strategic Student & Senior Housing Trust, Inc., Strategic Storage Trust II, Inc., Strategic Storage Trust IV, Inc., CION Investment Corporation, Jackson National Life Insurance Company, Delaware Life Insurance Company, and their respective past, present, and future parent companies, partnerships, joint ventures, subsidiaries, affiliates, divisions, predecessors, successors, transferees, and assigns, employees, servants, members, providers, partners, principals, officers, directors, shareholders, owners, attorneys, heirs, executors, administrators, insurers, coinsurers, reinsurers, joint ventures, personal representatives, and trustees of such entities, and, any Person related to any such entities or individuals who is, was, or could have been named as a defendant in the Litigation.

The Settlement Agreement is available at www.MediantSettlement.com or in the public court records on file in this lawsuit. For questions regarding the Releases or what it means, you can also contact one of the lawyers listed in Question 26 for free, or you can talk to your own lawyer at your own expense.

# HOW TO GET BENEFITS FROM THE SETTLEMENT

## 12. How do I make a Claim for Settlement benefits?

To submit a Claim for Out-of-Pocket Losses or Lost Time, you will need to submit a Claim Form. There are two options for submitting Claims:

(1)    Submit Online: You may fill out and submit the Claim Form online at www.MediantSettlement.com. This is the easiest way to submit a Claim.

(2)    Submit by Mail: You can download a copy of the Claim Form at www.MediantSettlement.com/Home/SubmitClaim and mail it to the address below. Alternatively, you can ask the Settlement Administrator to mail a Claim Form to you by calling 1-888-490-0774. Fill out your Claim Form, and mail it (including postage) to:

Mediant Settlement Administrator
PO Box 5290
Portland, OR 97208-5290

Claim Forms must be submitted online or postmarked by **November 21, 2022**; otherwise, you will not be entitled to any of the Settlement benefits, but you will be bound by the Settlement and the Court's judgment.

All Settlement Class Members are automatically entitled to 24 months of credit monitoring if you provide your email address and Unique ID at www.MediantSettlement.com/CreditMonitor by **November 21, 2022**. You will be sent activation instructions once the Settlement is final. Your Unique ID is located on the front of the postcard notice that was sent to Settlement Class Members via U.S. Mail. If you received a postcard notice, you can also write your email address on the credit monitoring form included with the notice and return the prepaid postcard via the U.S. Postal Service. If you lost or do not know your Unique ID, you may contact the Settlement Administrator at info@MediantSettlement.com.  You do not need to submit a Claim Form to receive this benefit.

## 13. What happens if my contact information changes after I submit a Claim?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by calling 1-888-490-0774 or by writing to:

Mediant Settlement Administrator
PO Box 5290
Portland, OR 97208-5290

## 14. When will I receive my Settlement benefits?

If you make a valid Claim, payment will be provided by the Settlement Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.MediantSettlement.com for updates.

**Questions? Go to www.MediantSettlement.com or call 1-888-490-0774**

6

# THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in this case?

Yes, the Court has appointed J. Austin Moore of Stueve Siegel Hanson LLP, Elaine A. Ryan of Auer Ryan, PC, and John A. Yanchunis of Morgan & Morgan as Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Litigation.

## 16. How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award them attorneys' fees and costs not to exceed $700,000 to be paid by the Defendant. They will also ask the Court to approve $2,500 service awards to each of the Plaintiffs (totaling $7,500) for participating in this Litigation and for their efforts in achieving the Settlement. If awarded by the Court, Defendant will pay fees, costs, expenses, and service awards directly. The Court may award less than these amounts.

Class Counsel's application for attorneys' fees, expenses, and service awards will be made available on the Settlement Website at www.MediantSettlement.com on September 13, 2022, for you to comment on or object to the Settlement.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Defendant or the Released Parties on your own based on the claims raised in this Litigation or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement.

## 17. How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must mail the Settlement Administrator written notice of a request for exclusion, which includes:

(1) The case name (*Toretto et al. v. Donnelley Financial Solutions, Inc. et. al.*, Case No. 1:20-cv-02667-GHW (S.D.N.Y.));
(2) Your name, address, and telephone number;
(3) A clear statement that you want to be excluded from the Settlement Class, such as "I hereby request to be excluded from the proposed Settlement Class in *Toretto et al. v. Donnelley Financial Solutions, Inc. et. al.*, Case No. 1:20-cv-02667-GHW in the United States District Court for the Southern District of New York"; and
(4) Your signature

The exclusion request must be **postmarked** and sent to the Settlement Administrator at the following address by **October 3, 2022**:

Mediant Settlement Administrator
PO Box 5290
Portland, OR 97208-5290

You cannot exclude yourself by telephone or by email.

**18.  If I exclude myself, can I still get anything from the Settlement?**

No. If you exclude yourself, you are telling the Court you do not want to be part of the Settlement. You can only get Settlement benefits if you stay in the Settlement and submit a valid Claim Form.

**19.  If I do not exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant and the Released Parties for the Released Claims in this Settlement. You must exclude yourself from this Litigation to start or continue with your own lawsuit or be part of any other lawsuit against the Defendant or any of the Released Parties for the Released Claims. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECT TO THE SETTLEMENT

**20.  How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can tell the Court that you do not agree with all or any part of the Settlement or requested attorneys' fees and expenses. You can also give reasons why you think the Court should not approve the Settlement or attorneys' fees and expenses. To object, you must mail written notice to the Settlement Administrator, as provided below, **no later than October 3, 2022**, stating you object to the Settlement in *Toretto et al. v. Donnelley Financial Solutions, Inc. et. al.*, Case No. 1:20-cv-02667-GHW. The objection must also include the following additional information:

(1) The objector's (your) full name, address, telephone number, and email address (if any);
(2) Information identifying you as a Settlement Class Member;
(3) A written statement of all grounds for the objection, accompanied by any legal support the objector cares to submit;
(4) A statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;
(5) The identity of all lawyers (if any) representing you in connection with the objection;
(6) A list of individuals who will be called to testify at the Final Fairness Hearing in support of the objection;
(7) A statement whether you and your counsel will appear at the Final Fairness Hearing;
(8) A statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing; and
(9) Your signature or the signature of your duly authorized attorney or other duly authorized representative.

To be timely, written notice of an objection in the appropriate form must be mailed to the Settlement Administrator **no later than October 3, 2022**, at the following address:

Mediant Settlement Administrator
PO Box 5290
Portland, OR 97208-5290

Any Settlement Class Member who fails to comply with the requirements for objecting in Section VIII of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

**21. What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court you do not like something about the Settlement or the requested attorneys' fees and expenses. You can object only if you stay in the Settlement Class (that is, do not exclude yourself). You will still be bound by the Settlement if you object. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement, and you will not be bound by the Settlement and will not receive any Settlement benefits.

## THE FINAL FAIRNESS HEARING

**22. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Fairness Hearing on **January 5, 2023, at 10:00 a.m. EST** before the Honorable Gregory H. Woods, United States District Judge for the Southern District of New York, 500 Pearl Street, New York, NY 10007, in Courtroom 12C.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve: the Settlement, Class Counsel's application for attorneys' fees, costs and expenses, and the service awards to Plaintiffs. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

<u>Note</u>: The date and time of the Final Fairness Hearing are subject to change. The Court may also decide to hold the hearing via videoconference or by phone. Any change will be posted at www.MediantSettlement.com.

**23. Do I have to attend to the Final Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you file or mail your written objection on time the Court will consider it.

**24. May I speak at the Final Fairness Hearing?**

Yes, as long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself at the Final Fairness Hearing. This is called making an appearance. You also can have your own lawyer speak for you. If you choose to make an appearance, you must follow all of the procedures for objecting to the Settlement listed in Section 20 above and specifically include a statement whether you and your counsel will appear at the Final Fairness Hearing.

## IF YOU DO NOTHING

**25. What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will not receive any Settlement benefits. You will give up the rights explained in the "Excluding Yourself from the Settlement" section of this Notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or any of the Released Parties about the legal issues in this Litigation that are released by the Settlement Agreement relating to the Data Security Incident.

# GETTING MORE INFORMATION

| 26. How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.MediantSettlement.com, by calling 1-888-490-0774 or by writing to:

Mediant Settlement Administrator
PO Box 5290
Portland, OR 97208-5290

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

# Attachment 4



*40057836999999991*

**Must be postmarked
or submitted online
NO LATER THAN
November 21, 2022**

MEDIANT SETTLEMENT ADMINISTRATOR
PO BOX 5290
PORTLAND, OR 97208 – 5290

## Mediant Settlement Claim Form

### SETTLEMENT BENEFITS – WHAT YOU MAY GET

If you received Notice from Mediant that your personal information may have been compromised as a result of a Data Security Incident that occurred in April 2019 (the "Data Security Incident"), you may submit a Claim.

**The easiest way to submit a Claim is online at www.MediantSettlement.com**, or you can complete and mail this Claim Form to the mailing address above. To receive any of the below benefits, you must submit the Claim Form below by mail or file a Claim online by **November 21, 2022**.

**You may submit a Claim for one or more of these benefits:**

**Cash Reimbursement.** Use the Claim Form to request money for one or more of the following:

1. **Reimbursement for Money You Spent.** If you spent money trying to avoid or recover from fraud or identity theft because of the Data Security Incident, you can be reimbursed up to $10,000. You must submit documents supporting your Claim.

2. **Reimbursement for Lost Time.** If you spent time trying to avoid or recover from fraud or identity theft because of the Data Security Incident, you can get $20 per hour for up to 3 total hours by describing what actions you took. You may claim up to an additional 5 hours of lost time at $20 per hour if you submit reasonable supporting documentation of the time spent.

**Credit monitoring.** Settlement Class Members are automatically eligible for two years of free Credit Monitoring Services without the need to submit a Claim. You can access this benefit by providing your email address and Unique ID at www.MediantSettlement.com/CreditMonitor no later than **November 21, 2022**, and you will be sent enrollment instructions after the Settlement is finalized.

Your Unique ID is located on the front of the postcard notice that was sent to Settlement Class Members via U.S. Mail. If you received a postcard notice, you can also write your email address on the credit monitoring form included with the notice and return the prepaid postcard via the U.S. Postal Service. If you lost or do not know your Unique ID, you may contact the Settlement Administrator at Info@MediantSettlement.com. You do not need to submit a Claim Form to receive this benefit.

* * *

**Claims must be submitted online or mailed by November 21, 2022. Use the address at the top of this form for mailed Claims.**

*Please note: the Settlement Administrator may contact you to request additional documents to process your Claim.*

For more information and complete instructions visit
**www.MediantSettlement.com**

**Settlement benefits will be distributed only after the Settlement is approved by the Court.**

**Questions? Visit www.MediantSettlement.com or call 1-888-490-0774**

01-CA40057836
AG7221 v.11
Page 1 of 6

`*400578369999999991*`

## Your Information

*We will use this information to contact you and process your Claim. It will not be used for any other purpose. If any of the following information changes, you must promptly notify us by emailing info@MediantSettlement.com.*

**1. NAME:**

First                                    MI    Last

**2. MAILING ADDRESS:**

Street Address

City                                    State    ZIP

**3. PHONE NUMBER:**

**4. EMAIL ADDRESS:**

**5. UNIQUE ID provided on mailed notice (if known):**

**Questions? Visit www.MediantSettlement.com or call 1-888-490-0774**

02-CA40057836
AG7222 v.11                                    Page 2 of 6



*400578369999999991*

## Cash Payment: Money You Lost or Spent

If you lost or spent money trying to prevent or recover from fraud or identity theft caused by the Data Security Incident and have not been reimbursed for that money, you can receive reimbursement for up to $10,000.

It is important for you to send documents that show what happened and how much you lost or spent, so that you can be repaid.

To look up more details about how cash payments work, visit **www.MediantSettlement.com** or call toll-free 1-888-490-0774. You will find more information about the types of costs and losses that can be paid back to you, what documents you need to attach, and how the Settlement Administrator decides whether to approve your payment.

| Loss Type and Examples of Documents | Approximate Amount of Expense and Date | Description of Loss or Money Spent and Supporting Documents (Identify what you are attaching, and why it's related to the Mediant security incident) |
|---|---|---|
| Costs, expenses, losses, or other charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of your personal information on or after 4/1/2019. *Examples: Receipts for hiring service to assist you in addressing identity theft; accountant bill for refiling tax return or a letter from the IRS or state taxing authority about tax fraud in your name; account statement with unauthorized charges highlighted; police reports; FTC Identity Theft Reports; letters refusing to refund fraudulant charges.* | $ ☐☐☐☐ • ☐☐ <br> Date: ☐☐ – ☐☐ – ☐☐ <br> MM   DD   YY | _____ <br> _____ <br> _____ <br> _____ |
| Credit monitoring and identity theft protection purchased on or after 4/1/2019, through the date of your Claim submission. *Examples: Receipts or statements for credit monitoring services.* | $ ☐☐☐☐ • ☐☐ <br> Date: ☐☐ – ☐☐ – ☐☐ <br> MM   DD   YY | _____ <br> _____ <br> _____ |
| Costs, expenses, and losses due to identity theft, fraud, or misuse of your personal information on or after 4/1/2019. *Examples: Account statement with unauthorized charges highlighted; police reports; IRS documents; FTC Identity Theft Reports; letters refusing to refund fraudulent charges* | $ ☐☐☐☐ • ☐☐ <br> Date: ☐☐ – ☐☐ – ☐☐ <br> MM   DD   YY | _____ <br> _____ <br> _____ |

**Questions? Visit www.MediantSettlement.com or call 1-888-490-0774**

*400578369999999991*

| | | |
|---|---|---|
| Professional fees paid to address identity theft on or after 4/1/2019.<br><br>*Examples: Receipts, bills, and invoices from accountants, lawyers, or others.* | $ [ ][ ][ ][ ] • [ ][ ]<br><br>Date:<br>[ ][ ] – [ ][ ] – [ ][ ]<br>MM    DD    YY | _____<br>_____<br>_____<br>_____ |
| Other expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges related to the Data Security Incident.<br><br>*Examples: Phone bills, receipts, detailed list of places you traveled (i.e. police station, IRS office), reason why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled.* | $ [ ][ ][ ][ ] • [ ][ ]<br><br>Date:<br>[ ][ ] – [ ][ ] – [ ][ ]<br>MM    DD    YY | _____<br>_____<br>_____<br>_____ |
| Documented time taken off work to address issues related to the Data Security Incident to be compensated at your regular and documented hourly rate up to $250 per hour.<br><br>*Examples: documentation showing time spent dealing with the Data Security Incident and a pay stub showing your hourly pay rate.* | $ [ ][ ][ ][ ] • [ ][ ]<br><br>Date:<br>[ ][ ] – [ ][ ] – [ ][ ]<br>MM    DD    YY | _____<br>_____<br>_____<br>_____ |

**Questions? Visit www.MediantSettlement.com or call 1-888-490-0774**

04-CA40057836
AG7224 v.11                                          Page 4 of 6

*400578369999999991*

## Cash Payment: Lost Time

If you do not have documentation, you may receive reimbursement for up to 3 hours of lost time compensated at $20 per hour by providing a brief description of the actions you took.

☐ I do not have documentation and spent _____ hours relating to the Data Security Incident (up to 3 hours). By checking this box I certify that any claimed lost time was spent related to the Data Security Incident.

| **Explanation of Time Spent** |
| (Identify what you did and why) |
|  |
|  |
|  |
|  |

If you have documentation, you may receive reimbursement for an additional 5 hours of lost time compensated at $20 per hour by providing the documentation and including a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone. If you already submitted documentation above to show out-of-pocket losses above, you do not need to submit the same documents again.

☐ I have documentation and spent an additional _____ hours relating to the Data Security Incident (up to 5 hours).

<u>Note</u>: Required documentation to support your Claim can include receipts or other documentation that is not "self-prepared." "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

| **Explanation of Time Spent and Description of Supporting Documentation** |
| (If not apparent from the documents on their own) |
|  |
|  |
|  |
|  |

## How You Would Like to Receive Your Cash Payment

If you made a Claim for a cash payment on this Claim Form, you can elect to receive your payment either by check or by electronic payment (e.g. PayPal or similar service). If you choose an electronic payment, instructions for receiving your cash payment will be sent to the email address you provided on this Claim Form. Checks must be cashed within <u>120</u> days.

Which do you prefer?

☐ Electronic payment

☐ Check

**Questions? Visit www.MediantSettlement.com or call 1-888-490-0774**


*400578369999999991*

## Signature

I affirm under the laws of the United States that the information supplied in this Claim Form is true and correct to the best of my knowledge and that any documents that I have submitted in support of my Claim are true and correct copies of original documentation.

I understand that I may be asked to provide more information by the Settlement Administrator before my Claim is complete.

|  |
|---|
|  |
| **Signature** |

**Date:** ☐☐ – ☐☐ – ☐☐☐☐
        MM      DD      YYYY

|  |
|---|
|  |
| **Print Name** |

REMINDER: You can submit your Claim online at www.MediantSettlement.com. If you choose to submit your Claim by mail, this form must be completed, signed, and sent to the Settlement Administrator, postmarked no later than **November 21, 2022**, and addressed to: Mediant Settlement Administrator, PO Box 5290, Portland, OR 97208 – 5290

**Questions? Visit www.MediantSettlement.com or call 1-888-490-0774**

06-CA40057836
AG7226 v.11                    Page 6 of 6

Attachment 5



**Mediant Data Breach
Opt Outs Received**

**Fairness Hearing Date:  01/05/2023**

| First Name | Last Name | Postmark Date | Class Member? |
|------------|-----------|---------------|---------------|
| Angela | De Lucia | August 29, 2022 | Yes |